UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG )<br>1657 The Fairway #131 Jenkintown, PA 19046 )<br>)<br>)<br>Plaintiff, )<br>vs. )<br>)<br>ADVANCED BROKERAGE CONCEPTS LLC )<br>D/B/A ABC INSURANCE )<br>2205 MT CARMEL AVE )<br>GLENSIDE, PA 19038, )<br>)<br>JACQUELINE PRESTON, )<br>Individually and as Principal of ABC, )<br>2205 MT CARMEL AVE, )<br>GLENSIDE, PA 19038, )<br>)<br>MARGARET MARY GRABER )<br>Individually and as Agent of ABC, )<br>3370 KAYFORD CIR. )<br>PHILADELPHIA, PA 19114 )<br>)<br>FRANCIS X. VAHEY )<br>Individually and as Principal of ABC )<br>40 MORRIS RD, )<br>AMBLER, PA 19002, )<br>)<br>DAVID A VAHEY )<br>Individually and as Principal of ABC )<br>3422 LARCH RD )<br>HUNTINGDON VALLEY, PA 19006, )<br>)<br>NATIONWIDE MUTUAL )<br>INSURANCE COMPANY )<br>One Nationwide Plaza )<br>COLUMBUS, OH 43215, )<br>)<br>The Travelers Indemnity Company )<br>One Tower Square )<br>Hartford, CT 06183 )<br>)<br>)<br>) | Civil Action<br>No._____ |

1

| | |
|---|---|
| **The Progressive Corporation** <br> 6300 Wilson Mills Road <br> Mayfield Village, Ohio 44143 <br><br> **Progressive Casualty Insurance Company** <br> 6300 Wilson Mills Road <br> Mayfield Village, Ohio 44143 <br> **Progressive Specialty Insurance Agency, Inc** <br> 6300 Wilson Mills Road <br> Mayfield Village, Ohio 44143 <br><br> **ARX Holding Corp.** <br> 2 ASI Way <br> St. Petersburg, FL 33702 <br><br> and <br> **DOES 1 through 100, inclusive,** <br><br>                  **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Jury Trial Demanded** <br> ) |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of ADVANCED BROKERAGE CONCEPTS LLC ("ABC"), JACQUELINE PRESTON, MARGARET MARY GRABER, FRANCIS X. VAHEY, and DAVID A VAHEY, Individually and as Principals of ABC ("PRESTON" and "VAHEY"), NATIONWIDE MUTUAL INSURANCE COMPANY ("NATIONWIDE"), THE TRAVELERS INDEMNITY COMPANY ("TRAVELERS"), THE PROGRESSIVE CORPORATION, PROGRESSIVE CASUALTY INSURANCE COMPANY, AND PROGRESSIVE SPECIALTY INSURANCE AGENCY, INC (TOGETHER, "PROGRESSIVE"), ARX HOLDING CORP ("ARX"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales

2

Calls"), by utilization of an automatic telephone dialing system and/or robocalls ("ATDS Calls"), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.     Introduction

1. Defendant ADVANCED BROKERAGE CONCEPTS LLC ("ABC") is a company located and domestically incorporated in the State of Pennsylvania, that markets and sells, *inter alia,* Nationwide insurance products to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 2205 MT CARMEL AVE. GLENSIDE, PA 19038.

2. Plaintiff brings this action to challenge the ABC's practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges ABC's and ABC's agents' illegal telephone solicitations by which they market their products and services, illegal Calls made using an automatic telephone dialing system and robocalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of ABC's illegal telephone solicitation campaign and are a common fact pattern.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district,

pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. In fact, Defendant ABC is domestically incorporated in PA and is licensed to sell insurance in PA, including within this district. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

## II.     Parties

6.  Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7.  Defendant ADVANCED BROKERAGE CONCEPTS LLC ("ABC"), is a company located and domestically incorporated in the State of Pennsylvania, that markets and sells, *inter alia,* Nationwide insurance products to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 2205 MT CARMEL AVE. GLENSIDE, PA 19038.

8.  Defendant JACQUELINE PRESTON ("PRESTON") is an adult individual who is the Primary Owner and President / CEO / Principal of ABC. PRESTON is an adult individual, and citizen of the United States. As Principal of ABC, PRESTON is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried

out only in ABC's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

9. Defendant MARGARET MARY GRABER ("GRABER") is an adult individual who is a licensed insurance agent of ABC. GRABER is an adult individual, and citizen of the United States. As Agent of ABC, GRABER is the primary individual who reaps the benefit of policies sold through illegal telemarketing that is technically carried out only in ABC's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

10. Defendant FRANCIS X. VAHEY ("VAHEY") is an adult individual who is a Managing Officer/Principal of ABC. VAHEY is an adult individual, and citizen of the United States. As managing officer of ABC, VAHEY is the primary individual associated with the license for ABC who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in ABC's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

11. Defendant DAVID A VAHEY ("VAHEY") is an adult individual who is the Primary Owner of ABC. In fact, VAHEY has registered the name, "Advanced Brokerage Concepts" to himself as a fictitious name, in addition to the LLC being sued, operating out of the same address, thus affirmatively establishing personal liability for the actions that are complained of that are carried out by ABC. VAHEY is an adult individual, and citizen of the United States. As Principal of ABC, VAHEY is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in ABC's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

12. Defendant NATIONWIDE MUTUAL INSURANCE COMPANY ("NATIONWIDE"), is the holding corporation for multiple NATIONWIDE corporations, including the primary corporation with which ABC transacts business and, upon information and belief, is an agent and franchisor. NATIONWIDE also contracts and conspires with defendant ABC to place calls to customers in violation of the TCPA on NATIONWIDE's behalf, using NATIONWIDE's name. NATIONWIDE reaps the benefit of the tortious and illegal conduct described herein. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Ohio, and nationwide (no pun intended). Defendant NATIONWIDE is vicariously liable for actions of ABC under the Apparent Authority and Ratification theories of vicarious liability.

13. Defendant The Travelers Indemnity Company ("Travelers"), is the holding corporation for multiple Travelers corporations, including the primary corporation with which ABC transacts business and, upon information and belief, is an agent and franchisor. Travelers also contracts and conspires with defendant ABC to place calls to customers in violation of the TCPA on Traveler's behalf, using Traveler's name. Travelers reaps the benefit of the tortious and illegal conduct described herein. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Connecticut, and nationwide. Defendant Travelers is vicariously liable for actions of ABC under the Apparent Authority and Ratification theories of vicarious liability.

14. Defendant The Progressive Corporation ("PROGRESSIVE"), is the holding corporation for multiple PROGRESSIVE corporations, including the primary corporations with which ABC transacts business and, upon information and belief, is an agent and franchisor. These corporations include Progressive Casualty Insurance Company, and Progressive Specialty

Insurance Agency, Inc. PROGRESSIVE also contracts and conspires with defendant ABC to place calls to customers in violation of the TCPA on PROGRESSIVE's behalf, using PROGRESSIVE's name. PROGRESSIVE reaps the benefit of the tortious and illegal conduct described herein. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Ohio, and nationwide. Defendant PROGRESSIVE is vicariously liable for actions of ABC under the Apparent Authority and Ratification theories of vicarious liability.

15. Defendant ARX Holding Corp. ("ARX"), is the holding corporation for multiple ARX corporations, including the primary corporation with which ABC transacts business and, upon information and belief, is an agent and franchisor. ARX also contracts and conspires with defendant ABC and PROGRESSIVE to place calls to customers in violation of the TCPA on ARX's behalf, using ARX's name and by underwriting policies issued by PROGRESSIVE. ARX reaps the benefit of the tortious and illegal conduct described herein. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Florida, and nationwide. Defendant PROGRESSIVE is vicariously liable for actions of ABC under the Apparent Authority and Ratification theories of vicarious liability.

16. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

17. At all times herein mentioned, ABC, PRESTON, GRABER, VAHEY, VAHEY, NATIONWIDE, TRAVELERS, PROGRESSIVE, ARX, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in

doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

18. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

19. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

20. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

21. Under the TCPA, an individual such as PRESTON, GRABER, VAHEY, or VAHEY may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be

deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

22. When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, e.g*., Jackson v. Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

23. Defendants PRESTON, GRABER, VAHEY, and VAHEY are personally liable under the "participation theory" of liability because are the Principal owners and controlling officers of ABC, knew of ABC's violations, and directed employees and/or agents of ABC to continue making those violations. Furthermore, PRESTON, GRABER, VAHEY, and VAHEY are personally liable because they are personally responsible for ensuring ABC's employees' TCPA compliance and reap personal benefit from the TCPA violations alleged.

### III. Factual Allegations

24. In or about June 13th , 2016, Plaintiff received the first of multiple calls made using an automatic telephone dialing system ("ATDS") or robocall by Defendants and/or their agents at Plaintiff's personal telephone number, 215-947-1920, for which he is charged for the call under a package calling arrangement. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

9

25. Plaintiff spoke to the Agent that answered, SUSAN MAMROL ("Agent") in order to ascertain Company's true identity, and for no other reason. MAMROL confirmed the call to be coming from Advanced Brokerage Concepts in Glenside.

26. The unsolicited telephone call transmitted the caller ID information of 215-487-1196.

27. Shortly thereafter, Plaintiff telephoned and e-mailed defendant DAVID A VAHEY, who instructed him to contact either defendant FRANCIS X. VAHEY or defendant JACQUELINE PRESTON to resolve the matter.

28. Plaintiff contacted defendant JACQUELINE PRESTON on or about June 15, 2016, and told her the call was illegal. PRESTON verified that the call took place and was from her company, but claimed that she did not know about the federal regulations surrounding telemarketing. Plaintiff took the time to educate defendant PRESTON, and requested that he be placed on ABC's do-not-call list. PRESTON said she would do that, but also did not provide a do-not-call policy, because, upon information and belief, one does not exist.

29. Despite this request and education, Plaintiff received a call from 800-266-9600, less than a year later, on May 24, 2017. This 800 number is the 800 number for defendant ABC and is prominent in ABC's advertising and is plastered on ABC's building in Glenside.

30. During that call, Plaintiff spoke to "KATIE" from "Traveler's Insurance" in Glenside. Upon information and belief, ABC sells Traveler's Insurance alongside Nationwide insurance and Progressive insurance. Plaintiff indicated he was not interested and not to be called, and "KATIE" stated that she would place Plaintiff on ABC's do-not-call list.

31. Despite these two clear instructions not to be contacted, Plaintiff received yet another call from 800-266-9600 on June 19, 2018. This is the same telephone number as the previous call.

32. During that call, Plaintiff spoke to "KATE" from "Nationwide Insurance" in Glenside. Plaintiff asked for the location of the office, and "KATE" told him it was on Mt. Carmel Ave. in Glenside, next to the barbershop. Plaintiff is familiar with the area and knew that that "Kate" was describing 2205 Mt. Carmel Ave. To make sure "KATE" was actually calling for ABC and Nationwide and not some impostor, Plaintiff provided a vehicle of a 2015 Hyundai Sonata during the call. In addition, Plaintiff provided his e-mail, and "KATE" said Plaintiff would receive an e-mail from "Peggy". All this was done to receive an insurance quote to verify the identity of the caller, and for no other reason.

33. On June 21, 2018, Plaintiff received an e-mail from defendant PEGGY (MARGARET MARY) GRABER (peg@abcinsco.com) at "Advanced Brokerage Concepts" clearly indicating a quote for a Traveler's automobile policy and a Progressive homeowner's policy, which is clearly "underwritten by ASI." ASI is a wholly-owned subsidiary of defendant ARX. The quotes clearly match the information provided during the call and indicate the telephone number through which Plaintiff received the calls, 215-947-1920, and the fact that Advanced Brokerage Concepts is the broker. Note that the e-mail seems to be a form email, referencing a "request this morning," despite the call being from 2 days prior (Plaintiff also notes that the date and time on the Progressive application is 6/20/2018 3:46PM, presumably when ABC/GRABER entered the information into their system after the call). A true and correct copy (with redactions of sensitive information) of the e-mail and the quotes are attached to this suit as EXHIBIT A.

34. Based on Defendants' complete and blatant disregard for the TCPA and the Federal Do-Not-Call Registry, it is evident that Defendants have no such internal do-not-call lists or policies, and it is evident that such lists or policies do not exist.

35. As more fully outlined above, Defendants refused to place Plaintiff on their Do-Not-Call list or provide Plaintiff a copy of their Do-Not-Call policy. Based on Defendant's own admissions, they evidently do not have such lists or policies.

36. Plaintiff has never had Traveler's insurance, Nationwide insurance, Progressive insurance, ASI/ARX insurance, or done any business with ABC.

37. Plaintiff alleges, upon information and belief, that Defendants used an Automatic Telephone Dialing System ("ATDS" or "autodialer"), as that term is defined in 47 U.S.C. § 227(a)(1), to place each of the calls in question. This is due to the delay and machine noise prior to a party coming onto the calls, the vast different (and one toll-free) telephone numbers used to contact Plaintiff, the obvious fact that Defendants were calling from some sort of list, in addition to the volume of calls and the inattention and carelessness with which the calls were placed *en masse* to the Plaintiff without regard for the TCPA or requests not to be contacted. Because this is an evidentiary issue, Plaintiff intends to rely on an expert witness and discovery to further demonstrate that Defendants used an ATDS to contact Plaintiff in each of the calls in question. Additionally, Plaintiff notes that the definition of an ATDS is undergoing major regulatory rulemaking as well as new law, which is likely to expand the number of telephone systems and devices that qualify as an ATDS.

38. NATIONWIDE, TRAVELERS, PROGRESSIVE, and ARX (Collectively, "INSURERS") are vicariously liable for the calls under the apparent authority standard of vicarious liability as INSURERS, upon information and belief, authorize ABC to make calls on INSURERS' behalf, and grant ABC (1) access to information and systems, (2) the ability of ABC to enter consumer information into shared databases, (3) the right to market INSURERS' products and services under their respective brand names, and (4) the authority to use their

names and logos in their advertising, promotions, and illegal telemarketing. With the exception of NATIONWIDE, the INSURERS' names, logos, and branding were listed on the quotes sent to Plaintiff that were obtained directly as the result of illegal telemarketing. INSURERS are also vicariously liable under the ratification standard of vicarious liability, as INSURERS ratified and acquiesced to the activity of ABC in making the calls and gave permission to use their brand names in the calls and quotes. INSURERS continue to acquiesce to the activity of its agents in violating the TCPA despite clear flagrant disregard of its Agents' violation of the TCPA.

39. Plaintiff received the calls on his private telephone, for which he is charged for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

40. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to… any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private telephone line, on which he is charged for the call under a package arrangement.

41. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

42. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, he wasted energy and stress in answering a seemingly urgent call, his telephone batteries were depleted, he was charged for the calls, and his privacy was improperly invaded. Moreover, the calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

43. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of Defendants, as more fully outlined above.

44. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

45. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

46. As a point of fact, to the extent that "consent" was supplied during the calls, that was done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

47. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

48. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## IV.　Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Second Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

52. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

53. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

54. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Third Cause of Action**

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

56. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.

§ 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

57. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fourth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

58. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

59. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

60. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fifth Cause of Action**

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

1. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

2. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

3. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

4. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

5. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

6. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

7. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

8. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### V. Prayer for Relief

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: : **$18,000** (Three counts each of: sales call, ATDS call, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

## VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **June 21, 2018**

                                                 Andrew Perrong
                                                 *Plaintiff Pro-Se*
                                         1657 The Fairway #131
                                         Jenkintown, PA 19046
                                           Phone: 215-791-6957
                                       Facsimile: 888-329-0305
                                       andyperrong@gmail.com